IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALBERT HARE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KENNETH RAYMOND COTTRELL and ALLAN KITTERMAN,<br><br>　　　　Defendants. | CV 18-000116-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Plaintiff Albert Hare filed a Complaint (Doc. 2) alleging Defendants violated his Eighth Amendment and Fourteenth Amendment rights under the United States Constitution.  (Doc. 2 at 9.)  Mr. Hare sued Kenneth Cottrell, the owner of Adullam House Ministries, who allegedly assaulted Mr. Hare and Allan Kitterman, the parole officer who recommended Adullam House to Mr. Hare.  (Complaint, Doc. 2.)  On April 9, 2019, the Court issued an Order finding that Mr. Hare's Complaint failed to state a claim upon which relief could be granted and was subject to dismissal.  (Doc. 9.)  Mr. Hare was given an opportunity to file an amended complaint.  He failed to do so.

　　　　Accordingly, for the reasons set forth in the Court's April 9, 2019 Order (Doc. 9), the Court finds that Mr. Hare has failed to state a federal claim upon

1

which relief may be granted, and therefore issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hare failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hare may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Hare is being served by

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2019.

        */s/ Timothy J. Cavan*
        Timothy J. Cavan
        United States Magistrate Judge

---

mail, he is entitled an additional three (3) days after the period would otherwise expire.